**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DEMETRICE CLEAR** **PLAINTIFF**

**vs.** **No. 4:26-cv-430-JM**

**AMAZON.com, SERVICES LLC GROUP HEALTH & WELFARE BENEFIT PLAN and AMAZON.com SERVICES LLC c/o DISABILITY AND LEAVE SERVICES** **DEFENDANTS**

**ORDER**

Plaintiff, a resident of Tennessee, brings this ERISA claim alleging that Defendants wrongfully denied Plaintiff short-term disability benefits pursuant to the Amazon.com Services LLC Group Health & Welfare Plan (the Plan). Pending is Defendants' Rule 12(b)(3) motion to dismiss this action for improper venue or, alternatively, to transfer venue pursuant to 28 U.S.C. § 1404(a). (Doc. No. 5). For the reasons stated below, the motion is granted as to the alternative relief requested.

Pursuant to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), a plan participant may bring an action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" In their motion to dismiss for improper venue, Defendants point out that the ERISA plan is administered exclusively in Seattle, Washington, and the complaint makes no factual allegations regarding where the alleged breach occurred. The complaint also contains no factual allegations to support Plaintiff's claim that either Defendant resides or is found here. The only mention of Arkansas in Plaintiff's complaint is in paragraph six, which states that Defendant Amazon.com Services, LLC "is a foreign corporation with its principal place of business located in a state other than Arkansas."

If the Court does not order dismissal, Defendants alternatively ask that this case be transferred to the Western District of Washington pursuant to 28 U.S.C. § 1404(a) where the Plan is administered. In a footnote, Defendants also accept that the Western District of Tennessee would be a permissible alternative forum as it is where Plaintiff resides and where she received the adverse benefits determination. (Doc. 9 at 8, fn.1).

In response, Plaintiff takes the position that venue is proper in Arkansas because one of the defendants, Amazon.com Services, LLC ("Amazon"), "may be found" here pursuant to §1132(e)(2). Plaintiff asks the Court to take judicial notice or otherwise consider additional information not included in the complaint regarding the "extensive continuous logistics and employment presence" of Amazon in Arkansas. (Doc. 13, p. 3).[1] This information includes the operating fulfillment centers and delivery stations in Pulaski County, building a new logistics facility, investing substantial money, and hiring employees. Plaintiff also attaches evidence that Amazon has listed an Arkansas agent for service with the Arkansas Secretary of State.

Based on this information, Plaintiff argues that the Court has general personal jurisdiction over Amazon under the standard set in *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (requiring sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id. at 316).* [2] Plaintiff further argues that Amazon's contacts with Arkansas satisfy the Fifth Amendment "national contacts" test giving the Court personal jurisdiction over Amazon pursuant to ERISA's nationwide service of process provision. Plaintiff urges the Court to apply the same "contacts"

[1] Defendants do not challenge the Court's consideration of the additional information provided by Plaintiff.

[2] Plaintiff does not argue that there are grounds to exercise specific jurisdiction.

tests that apply for general jurisdiction to find that Defendants "may be found" in this district under ERISA's venue provision. Alternatively, Plaintiff asks the Court to transfer this action to the Western District of Tennessee in lieu of dismissal.

The Court finds that *Daimler AG v. Bauman*, 571 U.S. 117 (2014) controls the outcome here, and Plaintiff's attempt to distinguish it unpersuasive. In *Daimler*, the Supreme Court described the "at home" analysis as "comparable to a domestic enterprise in that State." *Daimler* at 133, fn. 11. "The 'paradigm' forums in which a corporate defendant is 'at home,' [the Supreme Court explained in *Goodyear* and *Daimler*], are the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413, (2017). It is only in the "exceptional case" that a corporate defendant's operations will make it "at home" in a forum other than these "paradigm" forums. *Id.* at 414 (quoting *Daimler* at 139, n.19). Accepting the supplemental information provided by Plaintiff for purposes of this motion, the fact that Amazon may be served here and has substantial contact with Arkansas does not make it "found" here pursuant to ERISA's venue provision. The Supreme Court further expounded on the *Daimler* holdings in *Tyrell:*

> BNSF, we repeat, is not incorporated in Montana and does not maintain its principal place of business there. Nor is BNSF so heavily engaged in activity in Montana "as to render [it] essentially at home" in that State. See *Daimler,* 571 U.S., at 127 . . .. BNSF has over 2,000 miles of railroad track and more than 2,000 employees in Montana. But, as we observed in *Daimler,* "the general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *Id.,* at 139, n. 20. Rather, the inquiry "calls for an appraisal of a corporation's activities in their entirety"; "[a] corporation that operates in many places can scarcely be deemed at home in all of them." *Id.*, at 140, n. 20.

*Tyrrell* at 414 (cleaned up).

The parties agree that it is a plaintiff's burden to establish proper venue once a defendant raises the issue by motion pursuant to Rule 12(b)(3), and the Court finds that Plaintiff has not

established that venue is proper in this district. While the Court is not convinced that the burden does fall on Plaintiff in the Eighth Circuit, [3] the Court's decision would be the same in this instance whichever party had the burden of proof.

Having considered the parties' arguments and authorities cited, the Court concludes that transfer to the Western District of Tennessee is warranted under § 1406(a), or in the alternative under § 1404(a), based on the facts and circumstances presented.

Conclusion

The Court determines that venue in the Eastern District of Arkansas is improper as to Defendants and that transfer is appropriate under § 1406(a). Even if venue were proper in the Eastern District of Arkansas, the Court determines that transfer is appropriate under § 1404(a). The Court directs the Clerk to transfer this case immediately to the Western District of Tennessee.

IT IS SO ORDERED this 1st day of September, 2026.

James M. Moody Jr.
United States District Judge

---

[3] *See George's Inc. v. Lloyd's of London Syndicate 4000 Issuing Certificate No. CPP1877167,* No. 5:20-CV-05086, 2020 WL 6829959, at *3 (W.D. Ark. Nov. 20, 2020) (The defendant, as the moving party, has the burden of establishing that venue is improper.") (citing *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947)); *Doshier v. Twitter, Inc.*, 417 F. Supp. 3d 1171, 1174 (E.D. Ark. 2019) ("The moving party has the burden of establishing that venue is improper.") (also citing *Orshek*.); *Fed. Trade Comm'n v. BINT Operations LLC*, 595 F. Supp. 3d 740, 754 (E.D. Ark. 2022) ("Once a defendant raises the issue of proper venue by motion, the burden of proof is on the plaintiff to sustain venue") (citing *Cohen v. Newsweek, Inc.*, 312 F.2d 76, 78 (8th Cir. 1963); *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 620–21 (6th Cir. 2025) (where the Sixth Circuit referred to the Eighth Circuit as being in the minority that required the defendant as moving party to carry the burden of proof but noting that some district courts in the Eighth Circuit have assigned the burden to the plaintiff.) (citing *Brigdon v. Slater*, 100 F. Supp. 2d 1162, 1164 n. 2 (W.D. Mo. 2000)).